**IT IS ORDERED as set forth below:**



Date: May 19, 2021

_____
**James R. Sacca
U.S. Bankruptcy Court Judge**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

| In re: | Chapter 11 |
|---|---|
| STEVEN MITCHELL BRAMLETT<br>DANA KISER BRAMLETT, | Case No. 20-20346-JRS |
| Debtors. | |

ORDER CONFIRMING PLAN

The above-captioned bankruptcy case came before the Court for hearing on April 29, 2021, at 10:30 a.m. (the "Confirmation Hearing") to consider confirmation of Debtors' Amended Chapter 11 Subchapter V Plan of Reorganization.

On May 21, 2020, Steven Mitchell Bramlett and Dana Kiser Bramlett ("Debtors") filed their "Plan of Reorganization" (Doc. No. 43) (the "Plan of Reorganization"). The Plan of Reorganization was modified on January 18, 2021 pursuant to Debtors' "Amended Chapter 11 Subchapter V Plan of Reorganization" (Doc. No.107). The Plan of Reorganization was again modified on February 10, 2021 pursuant to Debtors' "Second Amended Chapter 11 Subchapter V Plan of Reorganization" (Doc. No. 115). The Plan of Reorganization was finally modified on April 28, 2021 pursuant to Debtors' "Third Amended Chapter 11 Subchapter V Plan of Reorganization"

(Doc. No. 135). (The Plan of Reorganization as amended and modified is referred to herein as the "Plan").

On June 15, 2020, the Court entered an "Order and Notice of Assignment of Hearing on Confirmation of Plan" (Doc. No. 48) ("Solicitation Order").

At the Confirmation Hearing Jonathan Clements appeared on behalf of Debtors. Steven Bramlett was present on behalf of the Debtors. Cameron M. McCord appeared as the Subchapter V Trustee. David S. Weidenbaum appeared on behalf of the United States Trustee. Matthew Mikkelsen appeared on behalf of Mechanical & Piping Services, LLC. No party appeared in opposition to the Plan. Objections to the Confirmation of the Plan were filed by Truist Bank, Ocean 1212, Inc. and Bank of America N.A.; however those objections to confirmation were resolved by agreement of the parties prior to the Confirmation Hearing and no party appeared in opposition to Debtors' Plan or raised any objection at the Confirmation Hearing.

The Court has taken judicial notice of the entire record in this case including all proofs of claim.

The Court has considered the entire record at the Confirmation Hearing including but not limited to the Plan, Ballot Report, argument of counsel and the evidence proffered at the Confirmation Hearing. Accordingly, the Court has determined:

(a) The Debtors timely and properly: (i) filed the Plan (ii) solicited the Plan; and (iii) provided due notice of the Confirmation Hearing to Holders of Claims against Debtors and parties in interest, all in compliance with the Bankruptcy Code, Local Rules and Solicitation Order;

(b) The Debtors filed the Amended Ballot Certification and Summary of the Voting on Debtor's Plan ("Ballot Report") (Doc. No. 139) describing the results of voting with respect to the Plan;

(c) The notice provided regarding the Confirmation Hearing and opportunity for any party in interest to object to confirmation of the Plan have been adequate and appropriate and no further notice was required;

(f) The legal and factual bases set forth at the Confirmation Hearing and in the entire record in this Case establish just cause for the relief granted at the Confirmation Hearing.

(g) After due deliberation and good and sufficient cause appearing therefor, and based upon the Court's acceptance of the unopposed evidentiary proffer of testimony and evidence made at the Confirmation Hearing, and further based upon the entire record in this case, the Plan should be confirmed, and further based upon the following determinations by the Court:

1. The Court has jurisdiction over this Chapter 11 Case and confirmation of the Plan pursuant to 28 U.S.C. § 1334. Confirmation of the Plan is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (L), and (O). The Court has jurisdiction to enter a Final Order with respect thereto. Debtors are eligible to be debtors under § 109 of the Bankruptcy Code and eligible to proceed under Subchapter V of Title 11 under §§ 101(51D) and 1182. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. Following entry of the Solicitation Order, in compliance with the Bankruptcy Code and the Bankruptcy Rules, as evidenced by Certificate of Service (Doc. No. 50), Debtors effectuated filing and service on all Creditors, Holders of Claims and parties in interest of the Solicitation Order containing notice of the Confirmation Hearing and relevant deadlines and a ballot for voting on the Plan (collectively the "Solicitation Materials").

3. As described in the Solicitation Order and Certificate of Service (a) service of the Solicitation Materials was adequate and sufficient under the circumstances and (b) adequate and sufficient notice of the Confirmation Hearing and other requirements, deadlines, hearings and matters described in the Solicitation Order: (i) was timely and properly provided; and (ii) provided due process and opportunity to appear and be heard to all parties in interest. Because the foregoing transmittals, notice and service were adequate and sufficient, no other or further notice is necessary or shall be required.

4. Debtors and Debtors' respective agents, representatives, attorneys, and advisors have solicited votes on the Plan in good faith and in compliance with applicable provisions of the Bankruptcy Code and are entitled to the protections afforded by § 1125(e) of the Bankruptcy Code.

5. Debtors, as proponent of the Plan, have met their burden of proving the elements of section 1191(a) of the Bankruptcy Code and established, upon the unopposed proffer of evidence and the Court's judicial notice of all pleadings filed in this case (including proofs of claim), that Debtors' Plan satisfies the requirements of § 1191(a) of the Bankruptcy Code.

6. As evidenced by the Ballot Report and submissions at the Confirmation Hearing, all impaired classes of claims voted to accept the Plan. Specifically, the following classes voted to accept the Plan: the Secured Claim of Truist Bank (Class 2), the Secured Claim of Bank of America NA (Class 3), the Secured Claim of Bank OZK (Class 4), the Secured Claim of Ocean 1212, Inc. (Class 6), the Nondischargeable Unsecured Claim of Mechanical & Piping Services, LLC (Class 10) and the General Unsecured Claims (Class 11).

7. The Plan's provisions are appropriate and consistent with the applicable provisions of the Bankruptcy Code, including without limitation the treatment of priority claims and secured claims.

Accordingly, it is hereby

ORDERED that the foregoing determinations including those enumerated in Paragraphs 1 through 7 above are hereby incorporated into this Confirmation Order as if fully set forth herein. It is further

ORDERED that the Plan is confirmed pursuant to 11 U.S.C. § 1191(a). All provisions of the Plan shall bind Debtors, entities receiving property under the Plan, and creditors whether or not the claims of such creditors are impaired under the Plan and whether or not such creditors have accepted the Plan. It is further

ORDERED that Cameron M. McCord shall be discharged from her obligations and duties as the Subchapter V Trustee in this case pursuant to § 1183(c)(1) and Section 5.2 of the Plan upon the filling by the Debtors of a notice of substantial consummation of the Plan as required under § 1183(c)(2). It is further

ORDERED that all persons are permanently enjoined from commencing or continuing any action, employing any process, or acting to collect, offset, or recover any claim or cause of

action that such person may have had at the date of the filing of Debtors' Chapter 11 petition against Debtors or their property except as provided for in the Plan. It is further

ORDERED that Debtors are granted a discharge pursuant to section 1141(d) of the Bankruptcy Code, and without limitation, except as otherwise specifically provided in this Confirmation Order or the Plan, the distributions and rights that are provided for in the Plan shall be in complete satisfaction and release of: (1) all claims and causes of action whether known or unknown, (2) liabilities of, (3) liens on, (4) obligations of, or (5) rights against Debtors, their assets or their Estate that arose prior to the entry of this Confirmation Order.

Debtors' counsel shall serve this order upon all creditors and parties-in-interest, the United States Trustee and the Subchapter V Trustee.

[END OF ORDER]

Prepared and Presented by:

/s/ Jonathan D. Clements
Jonathan D. Clements
Attorney for the Debtors
GA Bar No. 130051
Kelley & Clements, LLP
P.O. Box 2758
Gainesville, GA 30503
770-531-0007
jclements@kelleyclements.com

Consented to by:

/s/ Cameron M. McCord
Cameron M. McCord
Chapter 11 Subchapter V Trustee
GA Bar No. 143065
Jones & Walden LLC
699 Piedmont Ave NE
Atlanta, GA 30308
404-564-9300

No Opposition to by:

/s/ David S. Weidenbaum
David S. Weidenbaum
Office of the U.S. Trustee
GA Bar No. 745892
362 Richard B. Russell Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303
(404) 331-4437

Consented to by:

/s/ Ashley A. Edwards
Ashley A. Edwards
Attorney for Truist Bank
GA Bar No. 169200
Parker Poe Adams & Bernstein LLP
Suite 800, 620 South Tryon Street
Charlotte, NC 28202
(704) 372-9000

| Consented to by: | Consented to by: |
|---|---|
| /s/ Lisa F. Caplan | /s/ Matthew C. Mikkelsen |
| Lisa F. Caplan | Matthew C. Mikkelsen |
| Attorney for Bank of America, NA | Attorney for Mechanical & Piping Services, LLC |
| GA Bar No. 001304 | GA Bar No. 006700 |
| Rubin Lublin, LLC | Merbaum & Becker, P.C. |
| Suite 100 | 5755 North Point Pkwy., Suite 284 |
| 3145 Avalon Ridge Place | Alpharetta, Georgia 30022 |
| Peachtree Corners, GA 30071 | (678) 393-8232 |
| 877-813-0992 | |